**Affirmed and Memorandum Opinion filed August 5, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00801-CR

---

### KEITH JAMES AUBEL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 35th District Court
### Brown County, Texas
### Trial Court Cause No. CR26282

---

### MEMORANDUM OPINION

Appellant Keith James Aubel pleaded guilty to possession of less than one gram of cocaine in, on, or within 1,000 feet of real property owned, rented, or leased to a school board.[1] Texas Controlled Substances Act, Tex. Health & Safety

---

[1] As part of his plea, appellant signed a waiver of his right to appeal. However, the trial court did not sign the form accepting appellant's waiver of his right to appeal. At the pretrial hearing, the trial court specifically noted "There is also a waiver of right to appeal. However, I'm not going to be signing that at this point because the punishment phase would be open." The attorney for the State then confirmed that appellant would preserve his right to appeal. The trial court later certified appellant's right to appeal. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex.

Code Ann. §§ 481.115(b), .134(d). The trial court assessed punishment at imprisonment for six years. Tex. Penal Code § 12.34(a). In his sole issue on appeal, appellant contends that the trial court erred by not conducting a formal competency examination in violation of the mandatory procedures of Code of Criminal Procedure article 46B.[2] *See* Tex. Code Crim. Proc. Ann. arts. 46B.003–.005. We affirm.

## I.    BACKGROUND

On March 28, 2018, Brownwood Police Department officers discovered cocaine on appellant's person during an altercation after a traffic stop. Appellant was arrested for possession of a trace amount of cocaine. Because the traffic stop occurred in a drug-free zone, appellant was charged with possession of a controlled

---

Crim. App. 2003) (holding trial court's subsequent handwritten permission to appeal controls over defendant' previous waiver of right to appeal).

An appellate court is obligated to review the record to determine if the certification is contrary to the record and therefore defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); *see also Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014) (appellate court is "obligated to compare the certification with the record to ascertain whether a certification is defective and act accordingly"); Tex. R. App. P. 37.1 (if "certification of [a] defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied, if possible[.]"). The court of criminal appeals has held that a defective certification includes one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate." *Dears*, 154 S.W.3d at 614.

The certification of appellant's right to appeal states "This is not a plea-bargain case, and the defendant has the right of appeal." A plea-bargain case is defined in the Texas Rules of Appellate Procedure as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant[.]" Tex. R. App. P. 25.2(a)(2). Based on that definition, this was not a plea-bargain case because there was no agreed punishment recommendation. Therefore, we conclude that the certification by the trial court accurately reflects the proceedings.

[2] The Supreme Court of Texas ordered the Court of Appeals for the Eleventh District of Texas to transfer this appeal (No. 11-19-00286-CR) to this court. Misc. Docket No. 19-9091 (Tex. Oct. 1, 2019); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

substance in a drug-free zone.

Prior to trial, appellant waived his right to a jury trial. He also pleaded guilty to possession of a controlled substance in a drug-free zone, though pursuant to an open plea appellant's punishment was determined by the trial court after a bench trial. Before accepting the plea, the trial court conducted an informal inquiry into appellant's competence. This exchange consisted of the following:

THE COURT: Now, I've been presented a waiver of trial by jury in which you've indicated, after talking to your attorney, that you are voluntarily, intelligently, and knowingly waiving your right to a trial by jury that's guaranteed to you by the Constitution of the United States and of the State of Texas. And you understand that trial by jury is a valuable right, and you've discussed that with your attorney. Is that correct, Mr. Aubel?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, Mr. Aubel, before I approve that, how old are you?

THE DEFENDANT: I am 36.

THE COURT: How far did you go in school?

THE DEFENDANT: I got my GED.

THE COURT: You're able to read and write the English language?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You've had some mental problems?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Tell us a little about those.

THE DEFENDANT: It started when I was young. Started me on Ritalin at four and first trip to the mental hospital at eight and I don't know how many times I've been in.

THE COURT: What's your formal diagnosis?

THE DEFENDANT: I've got a lot. PTSD, paranoid schizophrenia, bipolar, depression. I can't even – I couldn't get them all. I could bring a list from MHMR.

THE COURT: But you deal with MHMR and you're on meds. Is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you're currently on your meds?

THE DEFENDANT: A lot of them, yes.

THE COURT: All right. And in your current state under your meds, are you able to understand these charges, the nature and circumstances and potential consequences of these charges?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You also, then, likewise are able to understand these rights that are explained and this valuable right to a trial by jury?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Woodley, has Mr. Aubel been able to communicate with you within a reasonable degree of rational understanding?

MR. WOODLEY: Yes, Your Honor.

THE COURT: Do you believe he's competent?

MR. WOODLEY: I do.

THE COURT: And I believe you are competent as well, Mr. Aubel, in talking to you today, so I will find that you are competent to go forward. And I will find that the waiver of trial by jury, Mr. Aubel is competent to give. It's knowingly, voluntarily, and intelligently given.

Two months later the trial court conducted a trial on appellant's punishment, at which appellant also testified.

## II.    ANALYSIS

Appellant contends that the trial court abused its discretion and violated his due process rights by not utilizing "the statute enacted by the Texas Legislature for the protection of the incompetent criminal defendants which mandates action upon a mere suggestion of incompetence." Because of the length and severity of his mental-health history, appellant argues there was a clear suggestion that he was

4

incompetent, requiring the trial court to stay the proceedings and order a mental health examination for competency.

## A. Statutory framework

"As a matter of constitutional due process, a criminal defendant who is incompetent may not stand trial." *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018); *see* U.S. Const. amend. XIV, § 1; *Pate v. Robinson*, 383 U.S. 375, 378 (1966). The legislature codified this due-process requirement by establishing a substantive and procedural framework for making competency determinations to ensure that legally incompetent criminal defendants do not stand trial. *See* Tex. Code Crim. Proc. Ann. arts. 46B.003–.005. A person is presumed to be competent, and the burden is on a criminal defendant to prove incompetency by a preponderance of the evidence. *Id*. art. 46B.003(b). But if the court determines there is evidence to support a finding of incompetency, the court *shall* stay all proceedings in the case other than those related to the determination of competency. Tex. Code Crim. Proc. Ann. art. 46B.004(d) (emphasis added); *see* Code Construction Act, Tex. Gov't Code Ann. § 311.016(2) (defining "shall" to impose a duty).

In Texas, a person is incompetent to stand trial if he does not have sufficient present ability to consult with his counsel with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46B.003(a). The Code of Criminal Procedure establishes a two-step procedure trial courts must employ before concluding that a defendant is incompetent to stand trial. *Boyett*, 545 S.W.3d at 563. The first step is an informal inquiry and the second step is a formal-competency trial. Tex. Code Crim. Proc. Ann. arts. 46B.004–.005. An informal inquiry is called for when there is a "suggestion" from any credible

source that the defendant may be incompetent. *Id*. art. 46B.004(a), (c), (c-1). "Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial." *Id*. art. 46B.004(a). At the informal inquiry, there must be "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id*. art. 46B.004(c).

Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described in article 46B.024 of the Code of Criminal Procedure, or on any other indication that the defendant is incompetent within the meaning of article 46B.003. *Id*. arts. 46B.004(c-1), .024. The factors set out in article 46B.024 include, but are not limited to, the capacity of the defendant during criminal proceedings to (1) rationally understand the charges against him and the potential consequences of those pending charges, (2) disclose to his defense counsel pertinent facts, events, and states of mind, (3) engage in a reasoned choice of legal strategies and options, (4) understand the adversarial nature of the criminal proceedings, (5) exhibit appropriate courtroom behavior, and (6) testify. *Id*. art. 46B.024(1)(A)–(F). If there is some evidence supporting a finding that a defendant is incompetent, the trial court must order a competency examination, and except for certain exceptions, it must hold a formal competency trial to determine whether the defendant is incompetent to stand trial. *Id*. arts. 46B.005(a), (b), 46B.021(b); *see also Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013) (quoting *Ex parte LaHood*, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013) ("some evidence" standard requires "more than none or a scintilla" of evidence)). However, there must be some evidence presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense or understand

the proceedings against him. *Id.* at 691.

In making this determination at the informal inquiry stage, "a trial court must consider only that evidence tending to show incompetency" and "put[ ] aside all competing indications of competency." *Id.* at 692 (*quoting LaHood*, 401 S.W.3d at 52).

## B.    Application to facts

We review a trial court's decision regarding an informal competency inquiry for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds as stated in Turner*, 422 S.W.3d at 692 & n.31. A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Id.* In performing this review, we are mindful that trial courts are in a superior position to make competency judgments because they can observe the defendant's conduct and demeanor directly. *Id.*

In this case, the trial court conducted the first step in this process by conducting an informal inquiry into appellant's competency during a pre-trial hearing. The trial court determined that appellant was competent to stand trial, and therefore did not conduct a formal competency examination. Appellant argues appellant's testimony at the pre-trial hearing and trial provided a "clear suggestion" of incompetency because of his mental health history. Specifically, appellant cites to testimony that (1) he been admitted to multiple mental health facilities for treatment both as a youth and as an adult; (2) he had been diagnosed as suffering from paranoid schizophrenia, bipolar disorder, depression, and post-traumatic stress disorder; (3) he was not taking his medications at the time of trial; and (4) he had admitted to drug and alcohol use the night before trial. At trial, when asked if he still suffered from paranoid schizophrenia, appellant testified, "I still hear voices and see things that nobody else can hear and see, so, yes." Appellant's testimony at

7

trial expanded on his personal history, his mental-health history and his criminal history. He readily answered questions on direct and cross-examination, and specifically testified as to reasons why he should receive a probated sentence instead of jail time. His answers to questions were appropriate and provided no evidence or suggestion that he was unable to understand the proceedings against him or communicate with his counsel.

Without question, the record established that appellant suffered from mental illness. However mental illness, by itself, does not equate to incompetency to stand trial. *Turner*, 422 S.W.3d at 691; *Moore v. State*, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999). Appellant has not identified any testimony in the record, nor have we found any, suggesting that he did not rationally understand the proceedings against him. He also does not contend that he was unable to communicate or engage with his counsel rationally. To the contrary, appellant's counsel advised the trial court, at a pre-trial hearing, that he believed his client to be competent and that appellant was able to communicate "within a reasonable degree of rational understanding." As explained by the court of criminal appeals, only "when a defendant's mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests" does such mental illness rise to the level of incompetency to stand trial. *Turner*, 422 S.W.3d at 691. As here, a scenario in which there is some evidence of mental illness but no evidence from which it may reasonably be inferred that defendant's mental illness renders him incapable of consulting rationally with counsel does not warrant a competency hearing. *Id.* at 696. Based on the evidence presented to the trial court, a formal competency hearing was not required because there was no showing of an inability to confer with trial counsel or a lack of understanding of the proceedings against him. *See id.*; *see also Kostura*

*v. State*, 292 S.W.3d 744, 747–48 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (involving evidence that schizophrenic defendant exhibited bizarre behavior that was not recent, but gave lucid trial testimony, demonstrating him to be communicative and capable of understanding the proceedings).[3] We hold the trial court did not abuse its discretion by failing to conduct a competency examination.

We overrule appellant's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment as challenged on appeal.

/s/   Charles A. Spain
      Justice

Panel consists of Justices Spain, Hassan, and Poissant.

Do Not Publish—Tex. R. App. P. 47.2(b).

---

[3] *See also Williamson v. State*, No. 11-17-00347-CR, 2019 WL 6001235, at *3 (Tex. App.—Eastland Nov. 14, 2019, no pet.) (mem. op., not designated for publication) (no evidence that defendant's mental illnesses affected his then-present ability to communicate with his counsel or understand proceedings); *Baugh v. State*, No. 11-17-00131-CR, 2019 WL 470849, at *4 (Tex. App.—Eastland Feb. 7, 2019, pet. ref'd) (mem. op., not designated for publication) (mental illness and former lack of medication did not constitute evidence of incompetency for defendant who "understood the nature and consequences of the proceedings against him, was able to consult with his attorneys and engage in a reasoned choice of legal strategies and options, exhibited appropriate courtroom behavior, and clearly answered the trial court's questions").