**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00234-CR**
_____

**MATTHEW LYLE ADDISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 2018-0011**

**MEMORANDUM OPINION**

Following a jury trial, Appellant was convicted of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04. He appealed his conviction on the ground that his right to procedural due process was violated because, after the trial court ordered a mental health examination of Appellant, Appellant never received a competency evaluation and the trial court made no further inquiry to determine his competency. Tex. Code Crim. Proc. Ann. art. 46B.004; U.S. Const. amend. XIV. We abate and

1

remand to the trial court for a retrospective competency determination. *See Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. 2013).

## Background Facts

Appellant was arrested for driving while intoxicated. The record shows that Appellant is disabled with both visual and auditory deficiencies. On November 27, 2017, Appellant's counsel advised the trial court of the need to have Appellant evaluated; based on entries in the docket sheet, it appears the court agreed that an evaluation should be performed, and that Dr. Conroy was to perform the evaluation.[1] Both parties to this appeal indicate that the evaluation was to be done to determine Appellant's competency; the parties further agree that the evaluation never took place.

During a subsequent pretrial hearing in January of 2020, before a new trial court judge, Appellant's mother testified that Appellant had received radiation treatment for a brain tumor, and that it caused Appellant to have mental problems. Appellant's mother indicated that Appellant had also been treated for a mental health issue and that Appellant lacked the ability "to even defend himself[,]" and he could not communicate with his court-appointed attorney. In a pretrial exchange with the trial court, Addison's mother represented the following:

---

[1] No written order was prepared by the trial court.

2

MS. AKERS: What about Matthew's inability to even defend himself? He can't communicate with Mr. Davis. He talks to spirits. He talks -- you know, sacrifices.

THE COURT: Well, I think we -- didn't we do a competency –

MS. AKERS: Nope. We were -- they've tried twice in the last two years and never heard nothing from the Court as to time and date; nothing's been done -- nothing.

THE COURT: Is he under some kind of psychiatrist?

MS. AKERS: No, he refuses chemical medications. He won't ingest anything; he does nothing.

THE COURT: You know, we can have him sent to a facility to have him determine if he's competent and if they say he's not competent then he would have to be held in a facility until they deem that he's been -- had his competency restored.

MS. AKERS: That's never going to happen.

THE COURT: That is never going to happen -- his competency restored?

MS. AKERS: This is caused by -- this is caused by center brain mass radiation from 2003 from an unidentified mass and it was a 4.5 centimeter in the center and that the only way to get to it was the radiation other than dissecting his face.

The case was tried before a jury in February 2020, and the jury found Appellant guilty of driving while intoxicated, a misdemeanor. There is no indication in the record that Appellant was ever evaluated for competency before trial.

3

**Standard of Review**

We review the trial court's decision to forego a formal competency hearing under an abuse of discretion standard. *See Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). Under this standard, we do not substitute our judgment for that of the trial court; we instead determine whether the trial court's decision was arbitrary or unreasonable. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded by statute on other grounds*, Tex. Code Crim. Proc. Ann. art. 46B.004(c-1), *as stated in Turner,* 422 S.W.3d at 692.

**Analysis**

**A. Competency**

A trial court employs two steps for making competency determinations before it may ultimately conclude that a defendant is incompetent to stand trial. *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). The first step is an informal inquiry, and the second step is a formal competency trial. *Id.* An informal inquiry is called for upon a "suggestion" from any credible source that the defendant may be incompetent. *Id.* (citing Tex. Code Crim. Proc. Ann. art. 46B.004(a), (c), (c-1)). To move to the next step, a formal inquiry, there must be "'some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.'" *Id.* (citing Tex. Code Crim. Proc. Ann. art. 46B.004(c)). The "suggestion" of incompetency required to trigger the mandatory informal inquiry can be made by

either party or the trial court may sua sponte suggest that a defendant may be incompetent to stand trial. Tex. Code of Crim. Proc. Ann. art. 46B.004(a). A suggestion of incompetence "may consist solely of a representation from any credible source." *Id.* art. 46B.004(c-1). "A further evidentiary showing is not required to initiate the inquiry, and [a] court is not required to have a bona fide doubt about the competency of [a] defendant." *Id; see also Turner*, 422 S.W.3d at 691-92 (explaining that the Legislature rejected the bona fide doubt standard when it amended Article 46B.004).

The Court of Criminal Appeals recently examined the application of the two-step process in *Boyett*, explaining that during the informal inquiry, if "some evidence" of incompetency is presented, then the trial court must order a psychiatric or psychological competency examination, and except for certain exceptions, it must then hold a formal competency hearing. *Boyett*, 545 S.W.3d at 563 (citing Tex. Code Crim. Proc. Ann. arts. 46B.005(a), (b), 46B.021(b)).

During the informal inquiry, the trial court is not required to follow a specific protocol. *See George v. State*, 446 S.W.3d 490, 501 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). As suggested by its title, an "informal inquiry" is just that— informal. No specific formal procedure must be followed by the trial court in making the informal inquiry. *Id.* During the informal inquiry, a court should focus on whether there is "some evidence" of incompetency to stand trial. *Boyett*, 545 S.W.3d

at 563 (citing Tex. Code Crim. Proc. Ann. art. 46B.004(c)). The statute reads as follows: "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." Tex. Code Crim. Proc. Ann. art. 46B.004(c).

The statutory "some evidence" standard requires "'more than none or a scintilla'" of evidence that "'rationally may lead to a conclusion of incompetency.'" *Boyett*, 545 S.W.3d at 564 (quoting *Turner*, 422 S.W.3d at 692). However, a mere allegation by defense counsel that a defendant may be incompetent or that she may not understand the ramifications of what she has done, does not by itself warrant a formal competency examination. *See Hobbs v. State*, 359 S.W.3d 919, 925 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("A naked assertion of incompetency is not sufficient without supporting evidence to trigger an inquiry.") (citing *LaHood v. State*, 171 S.W.3d 613, 618 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)).

During the informal inquiry, a trial court must consider only evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency. *Boyett*, 545 S.W.3d at 564. Accordingly, at the informal inquiry stage, "'the standard for requiring a formal competency trial is not a particularly onerous one—whether putting aside the evidence of competency, there is more than

6

a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial.'" *Id.* at 564 (quoting *Turner*, 422 S.W.3d at 696).

Some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense. *Id.* There must be "'*some* evidence from which it may rationally be inferred *not only* 1) that the defendant suffers some degree of debilitating mental illness, and that 2) he obstinately refuses to cooperate with counsel to his own apparent detriment, *but also* that 3) his mental illness is what fuels his obstinacy.'" *Id.* (quoting *Turner*, 422 S.W.3d at 696) (emphasis original). "Thus, it is not enough to present evidence of either a defendant's mental illness alone or his refusal to cooperate with counsel—rather, there must be some evidence indicating that the defendant's refusal to rationally engage with counsel is caused by mental illness." *Id.*

Because a suggestion of incompetency may consist solely of a representation "from any credible source that the defendant may be incompetent[,]" we must examine the information available to the trial court to determine whether it was sufficient to be considered a suggestion of incompetency. *Id.* The information in the record that led to the trial court's initial decision to consider appointing Dr. Conroy was the trial court's notation on the docket sheet that Appellant's counsel made the request and the trial court ordered it. The trial court may, indeed, have ordered

Appellant evaluated twice before trial, but neither of which was ever carried through. And, at a pretrial conference, we have Appellant's mother Akers' testimony to the effect that Appellant was unable to defend himself and that he could not communicate effectively with others. Because the ability to communicate with counsel to assist with one's own defense is an element of competency to stand trial, Akers' allegation, if accurate, along with his attorney's request for a competency evaluation, and the trial court's agreement that a professional should evaluate Appellant for competency, constitutes more than a scintilla of evidence suggesting that the defendant may be incompetent. *See Turner*, 422 S.W.3d at 692-93; Tex. Code Crim. Proc. Ann. art. 46B.003(a)(1).

And, although Appellant's counsel did not make any formal suggestion to the court during the trial that Appellant may be incompetent, it is clear counsel maintained his position that Appellant may suffer from some mental defect, as did the arresting officer. When questioning the arresting officer, the following exchange occurred:

> Q. Okay. When did you first become aware that Mr. Addison suffered from some mental defects?
>
> A. Probably when I had him get out of the car and he mentioned something to me.
>
> …
>
> Q. And you obviously realize that he is not your average normal person that we run across every day, correct?

8

A. Yes.

At a minimum, this information constitutes a "representation [of Appellant's incompetency] from [a] credible source[,]" as contemplated by the Code of Criminal Procedure, and the trial court was required to conduct an informal inquiry, and possibly a competency hearing, as well. Tex. Code Crim. Proc. Ann. art. 46B.004(c)–(d). It may be true that a mental infirmity, such as might result from radiation treatment to the brain, is not necessarily an indication of incompetency. *Turner*, 422 S.W.3d at 691. Here, the trial court had more than simply the suggestion of a brain injury, it also had previously agreed the defendant should be evaluated by a professional, but the evaluation never occurred. Therefore, the trial court erred in failing to further pursue the matter of Appellant's possible incompetency to stand trial.

## Conclusion

In accordance with the instruction of *Boyett*, we abate the appeal and remand the case to the trial court. On remand, the trial court shall, within thirty days, initially determine the feasibility of a retrospective competency inquiry given the passage of time, availability of evidence, and any other pertinent considerations. If the trial court determines that a retrospective competency inquiry is feasible, it shall conduct an informal inquiry into Appellant's competency at the time of trial. If the informal inquiry establishes that there is some evidence from any source that would support

9

a finding that Appellant may have been incompetent to stand trial, it shall conduct a formal competency trial. The record of the trial court's proceedings on remand shall be filed with this Court within ninety days. The appeal will be reinstated without further order of this Court when the record is filed with the appellate court.

ABATED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on April 8, 2022
Opinion Delivered August 10, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.