Alcala, J., delivered the opinion of the Court in which Keasler, Hervey, Richardson, Yeary, Newell, Keel, and Walker, JJ., joined.
In this petition for discretionary review, Crystal Lummas Boyett, appellant, contends that the court of appeals erred by upholding the trial court's denial of her request for a formal determination of her competency to stand trial for manslaughter. After an informal inquiry on competency, the trial court found that there was "not sufficient evidence to support a finding of incompetence," and it declined to undertake a formal competency trial aided by expert evaluation. The court of appeals affirmed the trial court's decision. We reverse. As we explain below, the court of appeals improperly considered evidence of appellant's competency rather than considering only evidence of her incompetency, and it mistakenly applied a more burdensome evidentiary standard than the "some evidence" standard required by the applicable statute. Because appellant was convicted and sentenced in this case, we remand this case to the trial court for it to determine the feasibility of a retrospective formal competency trial and, if feasible, to conduct such an inquiry.
I. Background
Appellant was speeding excessively when she caused a collision with another car that was occupied by three women. Two were killed; one was seriously injured. The State charged appellant with manslaughter for one of the deaths. Appellant pleaded not guilty, and the case proceeded to trial, at which appellant was convicted and sentenced to twenty years in prison.
Because the instant appeal concerns only appellant's competency to stand trial, the remainder of the background for this opinion focuses on that topic. During a recess at trial before the guilty verdict, defense counsel filed a motion in which he made a suggestion of appellant's incompetency to stand trial. The trial court then held an informal competency hearing. We detail that portion of the record next, before we turn to the appellate proceedings.
A. The Informal Competency Proceedings Before the Trial Court
On the third day of the guilt-innocence phase of trial, defense counsel filed a motion raising the issue of appellant's competency *559 to stand trial.[1] See TEX. CODE CRIM. PROC. art. 46B.004(a). Defense counsel informed the trial judge that appellant had been previously diagnosed with bipolar schizophrenia and that he believed that appellant was having a schizophrenic episode based on certain recent observations by himself and several others.[2] Specifically, defense counsel told the trial judge that, during a meeting with appellant and several others the previous day, counsel looked in a notebook that had been given to appellant to write down questions during the trial. Counsel said that instead of notes or questions, he found "aimless doodling" and "very bizarre writings." He described two pages of writings that made it seem as if appellant was talking to herself or "rambling." Upon discovering this, counsel mentioned it to appellant's mother and sister who were present at the meeting, and appellant's mother replied that she had, the day before, heard appellant in the laundry room mumbling and talking aloud to herself and laughing. In addition to this information, counsel informed the trial judge that, after that meeting, he consulted with a defense expert to ask him if he thought that "appellant was in touch with reality" and that the expert responded "no." Lastly, counsel told the trial judge that another attorney, who is unaffiliated with appellant's case, approached counsel that morning to ask if "there [is] something wrong with your client" after the attorney observed appellant in the hallway "mumbling and talking to herself" and appearing to be "totally out of touch." Counsel explained to the trial judge that he had only become aware of the possibility that appellant may be incompetent after these events and that was the reason for the late filing. He stated, "If I do not file this now, I have waived any claim to it. I filed it as soon as I was aware of it. Not being a mental health expert, I wasn't aware."
In response to the motion suggesting appellant's incompetency, the trial court held an informal competency inquiry. Outside the presence of the jury, defense counsel called four witnesses to testify about appellant's recent behavior. First, Jennifer Doornbos, a consultant for the defense,[3] testified that she believed appellant was "divorced from reality" based on appellant's behavior around the time of the trial proceedings and her history of schizophrenia. With respect to the trial proceedings, Doornbos opined that appellant had no "factual understanding of what was being told to her." Doornbos specifically described an incident with a notepad, a discussion with an expert, and a conversation with appellant. Doornbos explained that the notepad given to appellant for note taking and questions contained only doodles and lengthy rambling thoughts. Doornbos described appellant's markings in the trial notebook as "doodles and hearts" and some lengthy sentences "that were loosely connected and really absent *560 of any sense, basically." She also testified that appellant seemed unable to comprehend what the defense's accident-reconstruction expert told her, despite the expert's use of lay terminology and simple demonstrative explanations. Additionally, Doornbos noted that she was present during two different conversations on two separate days involving appellant and that appellant did not recall the conversation from the prior day. With respect to the possible reasons for appellant's behavior, Doornbos testified that appellant had been previously diagnosed with bipolar schizophrenia and prescribed several medications but that she was unsure whether appellant was actually taking them. Doornbos observed appellant had a "very flat affect" and it was possible that she was becoming episodic. Doornbos said it was a "huge concern" that appellant "disassociates and has no insight." Doornbos also observed that appellant had been making verbal "tics" or little "um um" noises approximately "every 30 to 45 seconds" during the trial proceedings the previous day, which could be related to her schizophrenia. Doornbos concluded that, given the prior diagnosis of bipolar schizophrenia and uncertainty as to whether appellant was compliant with her medications, appellant's strange behavior and demeanor indicated that she might not be competent to assist in her own defense. Doornbos noted that appellant had been prescribed various medications including Lithium and Geodon that are "psychotropics for schizophrenia and bipolar," as well as Valium, but Doornbos did not know if appellant was taking the medications. Doornbos concluded that she believed that appellant did not have a sufficient present ability to consult with the defense team with a reasonable degree of rational understanding.
Second, James Evans, an accident-reconstruction expert for the defense, testified that appellant seemed unable to rationally understand or interact constructively with him. He described the interactions with appellant as her "not getting it" and "not clicking" and showing more than just disinterest on her part. Although acknowledging that competency was not his field, he testified that he felt that something was "amiss" and that appellant was not able to assist in her defense.
Third, Charlotte Bush, appellant's sister, testified that appellant's behavior seemed unusually agitated, angry, and fidgety. Bush testified that appellant appeared unwilling to discuss the case with her defense team. She also stated that appellant appeared unable to grasp the points they explained to her. She noted that appellant had been hospitalized approximately two years earlier for bipolar schizophrenia and depression and that appellant's current behavior was similar to her behavior around that time, although "not as bad." Bush testified that appellant had been prescribed medication but did not know if appellant was taking it. She feared that appellant might be approaching an episode or at some stage of an episode. She also testified that it appeared that appellant "did not comprehend the seriousness of the trial" and agreed with counsel that appellant lacked "the present ability to talk with [counsel] with a reasonable degree of rational understanding."
Fourth, Gary Butler, an attorney unaffiliated with appellant's case, testified that he had observed appellant outside of the courtroom that morning before the trial proceedings began "carrying on a fairly loud conversation by herself." Butler testified that he notified appellant's counsel because Butler was "concerned about her state as she came back in this morning." In response to Butler's comments to defense counsel, counsel informed Butler that he would be raising incompetency that *561 day and asked if Butler would testify about appellant's behavior.
At the conclusion of the informal inquiry into appellant's competency, the trial court heard the arguments of the parties before it made its ruling. Defense counsel argued that adequate evidence had been adduced to require a formal competency hearing based on the evaluation of an appointed expert. See TEX. CODE CRIM. PROC. art. 46B.021(b). The State responded that none of the testimony offered would support a finding of incompetence. Rather, the State contended that the testimony demonstrated only that appellant had "realized the hopelessness of her case" and no longer cared about the trial proceedings. After a recess, the trial court found the evidence insufficient to support a finding of incompetence and resumed the trial in the absence of a formal competency hearing.[4]
B. The Appellate Proceedings
On appeal, appellant challenged the trial court's denial of her motion for a formal psychological evaluation and competency hearing. The court of appeals rejected this complaint and affirmed the trial court's ruling denying the motion. Boyett v. State, No. 09-15-00196-CR, 2017 WL 2380532, at *6 (Tex. App.-Beaumont May 31, 2017) (mem. op., not designated for publication). In affirming the trial court's ruling, the court observed that the relevant standard of review is abuse of its discretion. Id. at *2. The court noted that, to ultimately support a finding of incompetency, "[a] defendant must show that her mental illness 'prevent[s] [her] from rationally understanding the proceedings against [her] or engaging rationally with counsel.' " Id. at *3 (quoting Turner v. State , 422 S.W.3d 676, 691 (Tex. Crim. App. 2013) ). In reaching its decision, the court of appeals focused on two matters.
First, the court of appeals considered facts and circumstances tending to show that appellant was competent. The court found that defense counsel's ability to work with appellant for several months prior to trial without doubting her competency or experiencing difficulties in communicating with appellant "detracts from any claim that [appellant] was not able to rationally assist her lawyer in her defense or did not have a rational and factual understanding of the proceedings." Id. at *5. Additionally, the court of appeals noted that the trial court had directly observed appellant interact with counsel during several hearings at which appellant exhibited appropriate behavior. Id. at *6. Moreover, the court noted that the "trial court's first-hand factual assessment of a defendant's competency is entitled to great deference" on appeal. Id.
Second, the court examined the evidence to determine whether it established a substantial possibility of appellant's incompetence to stand trial, and it held that appellant had failed to meet this standard. In describing the applicable standard, the court said, " 'Evidence that raises this possibility [of incompetence] necessitates an informal inquiry, and if that inquiry reveals that the possibility is substantial , a formal competency trial is required.' " Id. at *3 (quoting Turner , 422 S.W.3d at 691 ) (emphasis original in court of appeals's opinion). The court of appeals concluded that the testimony of the four witnesses did not constitute evidence that would support finding that appellant may be incompetent. Id. at *5-6. The court reasoned *562 that, although appellant had been previously diagnosed with bipolar schizophrenia, she "failed to establish a substantial possibility that any such condition operated in a way as to prevent her from engaging with counsel in a reasonable and rational manner or from rationally and factually understanding the proceedings against her." Id. at *5 (citing Turner , 422 S.W.3d at 691 ). The court explained, "A past diagnosis of a mental disorder, or even a current mental disorder, would not, without more, require the trial court to hold a formal competency trial." Id.
The court of appeals was unpersuaded by the defense witnesses. The court noted that Doornbos, the jury consultant, was not shown to be an expert on competency, and thus, her view that appellant was unable to rationally consult with counsel was only her lay opinion. Id. Additionally, the court of appeals also found that testimony by Evans, the defense expert, suggesting that he had difficulty communicating with appellant did not demonstrate her incompetency because her refusal to cooperate, without more, did not mean that she was incompetent. Id. at *6. Furthermore, the court of appeals found that the opinion of Bush, appellant's sister, demonstrated nothing more than appellant's refusal to interact with her defense team, and it reasoned that there was no evidence that Bush was familiar with the statutory standard for incompetency. Id.
Considering the overall evidence presented, the court found that the trial court could have "reasonably decided that [appellant's] behavior in doodling and talking to herself did not show she was unable to comprehend the proceedings or communicate rationally with counsel. Nor does [appellant's] heightened agitation with [appellant's] sister indicate that she was incompetent to stand trial." Id. at *5. Based on its review of the evidence, the court of appeals concluded that appellant had "failed to show that her case presented one of the 'relatively rare instances' where the defendant's mental illness prevented her from rationally understanding the proceedings against her or engaging rationally with counsel." Id. at *6 (quoting Turner, 422 S.W.3d at 691, 696 ).
In her petition for discretionary review, appellant argues that the court of appeals erred by affirming the trial court's denial of a formal competency determination because at least some evidence was offered at the informal competency inquiry that supports finding appellant incompetent.[5] Specifically, appellant contends that the testimony revealed that she has a history of mental illness, she was exhibiting behavior that was potentially a manifestation of that mental illness, and as a result, she could not assist in her own defense. In its response, the State argues that the trial court did not abuse its discretion because no evidence was offered at the informal inquiry to support finding appellant incompetent. The State contends that the testimony presented shows only that appellant was "irritable, uninterested in talking to expert witnesses, bored by court proceedings, cussed in a room alone with her sister, made doodles in a notebook, expressed a strong interest in going outside to smoke a cigarette after court recessed for the day, and talked out loud to herself." Based on its characterization of the evidence, the State asserts that the court of appeals properly affirmed the trial court's ruling.
II. Analysis
Due to two misapplications of the standard applicable to informal competency *563 hearings, the court of appeals mistakenly upheld the trial court's ruling denying the appointment of an expert and a formal competency hearing. First, the court of appeals considered evidence of appellant's competency that it weighed against the evidence of incompetency, but instead it should have limited its review to the evidence suggestive of incompetency. Second, the court of appeals mistakenly applied a "substantial possibility" standard in an inappropriate manner that elevated the proof required at the informal competency inquiry, but instead it should have applied the statutory "some evidence" standard. We describe these two mistakes in detail after we review the law applicable to incompetency determinations.
A. Applicable Law
As a matter of constitutional due process, a criminal defendant who is incompetent may not stand trial. Turner , 422 S.W.3d at 688. The Legislature has codified this due-process requirement by setting forth a substantive and procedural framework for making competency determinations to ensure that legally incompetent criminal defendants do not stand trial. See TEX. CODE CRIM. PROC. arts. 46B.003, 46B.004, 46B.005. Substantively, incompetency to stand trial is shown if the defendant does not have: "(1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." Id. art. 46B.003(a). Procedurally, a trial court employs two steps for making competency determinations before it may ultimately conclude that a defendant is incompetent to stand trial. The first step is an informal inquiry; the second step is a formal competency trial. An informal inquiry is called for upon a "suggestion" from any credible source that the defendant may be incompetent. Id. art. 46B.004(a), (c), (c-1). At the informal inquiry, there must be "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." Id. art. 46B.004(c). If that requirement is met, then the trial court must order a psychiatric or psychological competency examination, and except for certain exceptions, it must hold a formal competency trial. Id. arts. 46B.005(a), (b), 46B.021(b).[6] In the instant appeal, the trial court conducted the first step in this process by conducting an informal inquiry into appellant's competency, but it did not pursue the second step by ordering a psychiatric or psychological competency examination or conducting a formal competency trial because it determined that there was inadequate evidence at the informal inquiry to proceed to the formal competency trial. In light of appellant's limitation of her appellate complaint to the trial court's failure to find the evidence sufficient at the informal inquiry stage, the remainder of this opinion more narrowly focuses only on the informal inquiry stage.
With respect to the evidentiary standard that must be met at the informal inquiry stage, a court must focus on three matters. First, the standard at the informal inquiry stage is whether there is "some evidence" of incompetency to stand trial. See ids="7328280" index="12" url="https://cite.case.law/sw3d/422/676/#p691">id. art. 46B.004(c). The statute *564 reads in full: "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." Id. This Court has described the statutory "some evidence" standard as requiring "more than none or a scintilla" of evidence that "rationally may lead to a conclusion of incompetency." Turner , 422 S.W.3d at 692.
Second, a trial court must consider only evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency. In Turner , this Court explained that in making this determination at the informal-inquiry stage, "a trial court must consider only that evidence tending to show incompetency" and "put[ ] aside all competing indications of competency." Id. Accordingly, we noted that, at the informal inquiry stage, "the standard for requiring a formal competency trial is not a particularly onerous one-whether putting aside the evidence of competency, there is more than a scintilla of evidence that would support a rational finding of fact that the accused is incompetent to stand trial." Id. at 696.
Third, some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense. There must be "some evidence from which it may rationally be inferred not only 1) that the defendant suffers some degree of debilitating mental illness, and that 2) he obstinately refuses to cooperate with counsel to his own apparent detriment, but also that 3) his mental illness is what fuels his obstinacy." Id. (emphasis original). Thus, it is not enough to present evidence of either a defendant's mental illness alone or his refusal to cooperate with counsel-rather, there must be some evidence indicating that the defendant's refusal to rationally engage with counsel is caused by his mental illness. Id.
B. Application of the Law to this Case
We conclude that, for two reasons, the court of appeals erred by upholding the trial court's determination that there was inadequate evidence of incompetency presented at the informal stage to warrant a psychiatric or psychological evaluation and a formal competency trial. First, the court of appeals mistakenly considered evidence of appellant's competency when it should have assessed only the presence of credible evidence of her incompetency. Second, the court of appeals mistakenly focused on whether the evidence established a "substantial possibility" of incompetency to stand trial, and it interpreted that standard in a manner that improperly elevated the burden of proof higher than the statutory some-evidence standard. See Boyett , 2017 WL 2380532, at *3, *5. We address these matters in turn below.
1. The Court of Appeals Mistakenly Considered Evidence of Competency
In upholding the trial court's ruling, the court of appeals mistakenly focused its analysis on the evidence tending to show that appellant might be competent, rather than limiting its analysis to an assessment of the evidence of incompetency. The court of appeals opinion weighed evidence of competency against that of incompetency, as shown by its observation that appellant had interacted with counsel for several months without displaying signs of incompetence and there was no record of any specific problems between counsel and appellant. Id. at *5. The court stated, "Trial counsel's ability to represent [appellant] throughout the charges against her, without doubting her competency, detracts from any claim that she was not *565 able to rationally assist her lawyer in her defense or did not have a rational and factual understanding of the proceedings." Id. But the court of appeals's focus on this matter was erroneous, given our explanation that the proper inquiry at this stage is whether, " 'putting aside all competing indications of competency ... there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency.' " Turner , 422 S.W.3d at 692 (quoting Ex parte LaHood , 401 S.W.3d 45, 52-53 (Tex. Crim. App. 2013) ). The court of appeals's analysis, therefore, incorrectly considered evidence tending to show competency. Additionally, we observe that the fact that appellant may have been competent previously during her interactions with counsel leading up to the trial does not foreclose the possibility that she subsequently became incompetent. See TEX. CODE CRIM. PROC. art. 46B.005(d) (incompetency may be raised during trial on the merits). Having determined that the appellate court mistakenly considered evidence of competency rather than limiting its review to the evidence of incompetency, we next must consider how that mistake influenced the court's overall determination that appellant had not shown some evidence of incompetency.
2. Court of Appeals Failed to Properly Apply the Some-Evidence Standard
Citing to Turner for support, the court of appeals appeared to interpret the statutory "some evidence" standard as, in actuality, imposing a substantial possibility standard, and then in effect considering that latter standard as imposing a higher burden of proof. See Boyett , 2017 WL 2380532, at *3, *5. As we explain below, we disagree with this interpretation of Turner .
Although this Court in Turner did describe a "substantial possibility" standard when discussing the quantity of evidence required at the informal inquiry stage to trigger a formal competency trial, we equated that term with the statutory reference to "some evidence." Thus, our description of that "substantial possibility" standard did not alter the statute's evidentiary burden from the statutory some-evidence standard. In Turner , this Court stated,
[W]hen a defendant's mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests, he cannot be made to stand trial consistent with due process. Evidence that raises this possibility necessitates an informal inquiry, and if that inquiry reveals that the possibility is substantial , a formal competency trial is required.
Turner , 422 S.W.3d at 691 (emphasis added).
Contrary to the court of appeals's understanding of this language in Turner , when we used the "substantial possibility" language, we did not intend to alter the statute's some-evidence standard. Turner explained that, on the one hand, a suggestion of incompetency to warrant an informal inquiry need demonstrate only a mere possibility of incompetency, as compared to, on the other hand, some evidence of incompetency to warrant a formal competency trial that might be considered as a substantial possibility of incompetency. The Turner Court consistently used the word "possibility" to attempt to explain the differences between the two stages. As we explained in Turner , pursuant to the relevant statute, the correct evidentiary standard at the informal inquiry stage is some evidence-more than none or a scintilla. See Turner , 422 S.W.3d at 692-93 ; TEX. CODE CRIM. PROC. art. 46B.004(c).
*566 Although making reference to the "substantial possibility" language alone would not be reversible error in that this language was intended to be treated as the equivalent of the some-evidence standard, the court of appeals misapplied the standard in a manner that effectively elevated the burden of proof of incompetency that must be shown at the informal inquiry stage. As noted above, in reasoning that appellant had failed to meet the "some evidence" standard, the court of appeals mistakenly weighed evidence of her competency against the evidence of incompetency. Disregarding that evidence and considering only the evidence of incompetency, we conclude that there was some evidence of incompetency based on testimony that appellant had a history of serious mental illness, was exhibiting behavior consistent with her prior episodes of mental illness, was acting in a manner that suggested she was divorced from reality, and was unable to understand basic aspects of the trial evidence and proceedings. We further observe that the court of appeals mistakenly discounted Doornbos's opinion on the basis that she was not an expert on competency. Boyett , 2017 WL 2380532, at *5. As the statute makes clear, lay opinions about competency may suffice as some evidence to warrant a formal competency trial, and her testimony should not have been disregarded on that basis. See TEX. CODE CRIM. PROC. art. 46B.004(c) ("[T]he court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.") (emphasis added). Similarly, in discounting the opinions of the other witnesses, the court of appeals appeared to determine that the trial court was free to disregard their testimony because the trial court had observed appellant consistently exhibit appropriate courtroom behavior and that the trial court's observation was entitled to great deference. Boyett , 2017 WL 2380532, at *6. But this reasoning was improper because, despite the trial court's in-court observations about appellant, the record shows some evidence that, outside of the actual courtroom events, appellant was unable to rationally assist counsel with her defense.
In sum, we conclude that the court of appeals erred by applying the substantial possibility of incompetency standard in a manner that improperly elevated the burden of proof higher than the some evidence of incompetency standard. Contrary to the court of appeals's assessment, we hold that the record here shows some evidence that would support a finding that appellant may have been incompetent to stand trial. See TEX. CODE CRIM. PROC. art. 46B.004(c).
III. Conclusion
Because the record reflects that appellant produced some evidence that would support a finding of incompetency, the court of appeals erred by upholding the trial court's denial of the appointment of an expert and formal competency trial. We, therefore, reverse the judgment of the court of appeals. In this situation, the proper remedy is remand to the trial court for a retrospective competency determination. See Turner , 422 S.W.3d at 696-97. On remand, the trial court shall first determine whether it is presently feasible to conduct a retrospective competency trial. If a retrospective competency trial is feasible, the trial court shall conduct one.
Keller, P.J., concurred.

The "Motion Suggesting Incompetency and Request for Examination" asserted that there was an issue regarding appellant's competency to stand trial. The motion requested the appointment of an expert of appellant's choice to examine her competency to stand trial and a formal competency trial.

Apart from his arguments to the court in support of his motion, defense counsel did not additionally testify or submit affidavits about his own observations regarding appellant's behavior.

Doornbos testified that she holds seven degrees but did not state what fields they were in. She also testified that she has been in practice for 17 years as a "psychological associate doing psychological testing, assessments, jury selection, and competency issues." She stated that she was assisting defense counsel with jury selection but decided to stay on the case after jury selection.

The trial judge stated,
After a hearing under [Chapter] 46B of the Code of Criminal Procedure, the Court has taken a brief recess to consider the testimony. And after considering the testimony of the witnesses, the Court finds that there is not sufficient evidence to support a finding of incompetence in this case.

The ground for review asserts: "The Court of Appeals erred in affirming the trial court's judgment because the evidence presented at trial was sufficient to satisfy the statutory standard of 'some evidence' necessary to require a 'formal competency hearing.' "

The statute states, "If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case" and, subject to certain exceptions, "the court shall hold a trial under Subchapter C before determining whether the defendant is incompetent to stand trial on the merits." Tex. Code Crim. Proc. art. 46B.005(a), (b). None of the statutory exceptions for a mandatory formal competency trial are applicable here.