

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,973-02

### EX PARTE RUBEN VILLANUEVA, JR., AKA RUBEN VILLANUEVA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2019-DCR-02325-C IN THE 197TH DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of one count of aggravated sexual assault and two counts of indecency with a child by contact and sentenced to 12 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that, due to his incompetence, he did not knowingly and voluntarily waive his trial rights and his guilty plea was not knowing and voluntary. He has provided records which, he asserts, show that he suffered from extreme mental illness and lacked the ability to enter into binding agreements at the time of the plea proceeeding.

Applicant also states that he received ineffective assistance of defense counsel because counsel failed to investigate and request an evaluation of Applicant's competence. Applicant asserts that, if counsel had requested a competency hearing and obtained an evaluation, Applicant would have been found incompetent.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970); *Boyett v. State,* 545 S.W.3d 556, 563-64 (Tex. Crim. App. 2018); *Ex parte Lahood,* 401 S.W.3d 45, 50 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.

Filed: October 27, 2021
Do not publish