**Dissent and Opinion Filed July 15, 2022**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00275-CR

**TIMOTHY LEE BARNUM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 069939**

## DISSENTING OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Dissenting Opinion by Justice Pedersen, III

I dissent from the majority's failure to remand this case for a retroactive competency evaluation. At the informal inquiry stage, there must be "some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018) (quoting TEX. CODE CRIM. PROC. art. 46B.004(c)). This standard requires more than a scintilla of evidence that rationally may lead to a conclusion of incompetency. *Id.* at 564. The trial court must consider only evidence of incompetency, and it must not weigh evidence of competency against the evidence of incompetency. *Id.* The majority opinion directly quotes the trial court's ruling at the informal inquiry stage and then

says: "We agree these comments indicate the trial judge may have considered evidence of Barnum's competence when making his decision." Majority op. at 10. The majority claims that this wasn't reversible error, however, because "there was no evidence of incompetence." *Id.*

The majority opinion well describes the operative affidavit filed by defense investigator Aaron Bucy. The behavior described therein includes claims of odd behavior, hearing voices, paranoid delusions about his own lawyers' participation in a conspiracy to kill him, and claims not to recognize Bucy, though they had met before. This behavior, considered alone (as expressly required by *Boyett*), implicates whether appellant–defendant could (1) understand the charges against him and the potential consequences of the pending criminal proceedings; (2) disclose to counsel pertinent facts, events, and states of mind; (3) engage in a reasoned choice of legal strategies and options; (4) understand the adversarial nature of the criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify. *See Turner v. State*, 570 S.W.3d 250, 262 (Tex. Crim. App. 2018). It is at the very least more than a scintilla of evidence of incompetency. *Boyett*, 545 S.W.3d at 563–64 (quoting TEX. CODE CRIM. PROC. art. 46B.004(c)). It is *some* evidence.

Appellant was sentenced to life in prison. Presumably, collateral litigation of his conviction will occur. If it does, this will be *the* issue in dispute in those proceedings. However, every day that we fail to order a retroactive competency evaluation, we make the essential determination of appellant's competency at trial

less feasible and the justice of this conviction and sentence less certain. The prosecution of an incompetent defendant violates due process. *Id.* at 563. We may remand for a retroactive competency evaluation, and we should do so now. If appellant was malingering, we should establish that now. If he wasn't, we remedy a due process violation.

Considering the trial court's express violation of the Court of Criminal Appeals' instructions in *Boyett*, we should abate this case and remand to the trial court to determine whether it is feasible to conduct a retrospective competency trial, and, if so, the trial court should be ordered to conduct such a hearing. *See* TEX. CODE CRIM. PROC. ch. 46B, subch. C; *Turner v. State*, 422 S.W.3d 676, 696–97 (Tex. Crim. App. 2013).

I respectfully dissent.


/Bill Pedersen, III//
210275df.p05                          BILL PEDERSEN, III
                                      JUSTICE