

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00314-CR

---

LUIS GARZA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A20285-1609, Honorable Robert W. Kinkaid, Jr., Presiding

---

October 31, 2022

## CONCURRING AND DISSENTING OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

I respectfully join in the majority's disposition of issue one and dissent from that concerning issue two. My reasons for the latter follow.

The record indicates that Luis Garza Jr. had twice undergone competency examination before trial. The first proceeding resulted in a finding of competency. After the second, in 2019, the trial court found him incompetent but subject to restoration. Efforts at restoration resulted in appellant's diagnosis as suffering from schizoaffective disorder, bipolar type. The psychological conditions were manageable through using two

medications, according to the psychologist. Nine months later, the trial court found appellant competent after conducting another hearing. It then convened trial upon the criminal accusations about sixteen months later, that is, in December of 2021. During that proceeding, appellant engaged in various activity which purportedly required the court to sua sponte conduct an informal inquiry into his competency. It did not, and trial resulted in appellant's conviction.

### Issue Two: Informal Hearing on Competence

By his second issue on appeal, appellant argues that the trial court erred in failing to sua sponte hold an informal competency hearing at time of trial in 2021. Such allegedly should have happened when appellant exhibited signs suggesting incompetence. I would sustain the issue.

The competency of a defendant implicates due process considerations. *See Boyett v.* State, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). Unless an accused is competent, due process bars him from being tried.[1] *Id.* Furthermore, in Texas, trial courts utilize a two-step process to gauge a defendant's competency, thereby assuring him due process. *Id.* The initial step involves an informal inquiry, while the second entails a formal competency trial. *Id.* We deal with the initial step here.

As noted in *Boyett,* the obligation to engage in an informal inquiry arises "upon 'suggestion' from any credible source that the defendant may be incompetent." *Id.* In other words, "[e]ither party may suggest by motion, or the trial court may suggest on its

---

[1] One "is incompetent to stand trial if" he lacks either 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or 2) a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a); *Ochoa v. State*, No. 07-16-00400-CR, 2018 Tex. App. LEXIS 1816, at *8–9 (Tex. App.—Amarillo Mar. 12, 2018, no pet.) (mem. op., not designated for publication).

2

own motion, that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(a). And a trial court's duty to "suggest" incompetence on its own motion and conduct the informal inquiry arises upon encountering evidence "suggesting" incompetence. *Id.* art. 46B.004(c) (stating that the presence of such a suggestion obligates the court to "determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial"); *Ochoa v. State*, No. 07-16-00400-CR, 2018 Tex. App. LEXIS 1816, at *9 (Tex. App.—Amarillo Mar. 12, 2018, no pet.) (mem. op., not designated for publication) (noting the court's obligation and observing that it is not triggered if the court neither observes or receives sufficient evidence suggesting incompetency).

More importantly, the duty to pursue the inquiry is not dependent upon the existence of a bona fide doubt concerning the accused's incompetence. *Id.* art. 46B.004(c-1). Indeed, the threshold necessitating an informal inquiry is low.[2] *Laflash v. State*, 614 S.W.3d 427, 433 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Clark v. State*, 592 S.W.3d 919, 925 (Tex. App.—Texarkana 2019, no pet.). Such is implicit in the legislature's repeated use of the word "suggest" or some derivative of it. For instance, a trial court hearing an accused "make rambling, nonresponsive answers to questions" and "provide testimony of the most bizarre quality" was held enough to clear the low threshold. *Greene v. State*, 225 S.W.3d 324, 329 (Tex. App.—San Antonio 2007, pet. ref'd) (wherein the reviewing court held that the trial court should have engaged in an informal inquiry sua sponte upon hearing the defendant testify about taking "kick boxing," being "influenced by the Japanese, the Koreans," biting one "cop" because another officer told

_____

[2] This differs from the test applicable to mandating a formal inquiry into competency; that requires "some evidence," i.e., more than none or a scintilla, of incompetency. *Boyett*, 545 S.W.3d at 564.

3

him "in his mind to bite him, thinking I was a vampire," drinking protein shakes for a strong body, being a "pacifist," and believing "in government and . . . withholding"). So too has defense counsel's lone "comment that he was unsure what, if anything, appellant understood about the proceeding" been found "enough" when coupled with evidence of the accused's lower than average intelligence. *See Bautista v. State*, 605 S.W.3d 520, 529 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *see also Laflash*, 614 S.W.3d at 433 (holding that the duty to sua sponte conduct an informal inquiry was triggered by testimony about appellant's low IQ, its affect upon his ability to understand rules and regulations, and a medical condition caused by fluid build-up in his head). And, most informatively are the words of the statute itself; a "representation" from a credible source suffices. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1). If a "representation" suffices, the bar must be very low.

Other pertinent indicia appear within article 46B.024 of the Texas Code of Criminal Procedure. They include the accused's capacity to 1) understand the charges against him, 2) understand the potential consequences of the prosecution, 3) converse with counsel about pertinent facts, events, and states of mind, 4) make reasoned choices, 5) comprehend the adversarial nature of the proceeding, 6) exhibit appropriate courtroom behavior, and 7) testify. TEX. CODE CRIM. PROC. ANN. art. 46B.024(1)(A)–(F). Others are 1) his history of mental illness or intellectual disability, 2) the duration of an identified condition, 3) the degree of impairment resulting from a mental illness or intellectual disability, (4) the psychoactive or other medication being taken, and their ability to maintain competency, and (5) the medication's effect on his appearance, demeanor, or ability to participate in the proceedings. *Id.* art. 46B.024(1)–(5).

4

Finally, the decision to forgo a sua sponte informal competency inquiry is reviewed under the standard of abused discretion. *Lindsey v. State*, 544 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2018, no pet.). That said, I turn to the record at bar.

To reiterate, the trial judge who adjudicated appellant incompetent in 2019 and restored in 2020 presided over the December 2021 criminal trial. Before finding competence restored, it received the psychologist's report evincing that appellant suffered from not only schizoaffective disorder, bipolar type, but also a "learning disability." Without them, appellant would experience "symptoms" of "hallucinating, delusional, and hypomanic." In other words, appellant was not cured of the mental disorder or illness that rendered him incompetent. Rather, it was subject to control so long as he ingested particular medications. Nothing of record hints at whether he consumed those medications during the many months before trial.

Additionally, a peculiar exchange between appellant and the trial court occurred when the court called the case for trial. Appellant sought leave to directly address the court. Leave was granted. It resulted in appellant broaching the legal concept of "subrogation" and the prosecutor's supposed duty to "certify" his right to it. Moreover, this topic of "subrogation" was a factor mentioned by defense counsel back in 2019 when suggesting the need to investigate appellant's competence, which suggestion began the procedure resulting in a finding of incompetence.

When appellant raised the topic anew, neither the trial court nor the prosecutor understood of what he spoke. Nor could appellant provide clarification. Indeed, when the court asked him for legal authority underlying the claim, appellant spoke in circles; he merely referred the court to the law of subrogation while inviting the court to peruse the

5

internet over his (appellant's) cell phone. Admittedly, a defendant's invocation of odd and inapplicable legal theories alone may be inconsequential. We held as much in *Ochoa*. *See Ochoa*, 2018 Tex. App. LEXIS 1816 at *13–14. Yet, no one understood of what appellant spoke here; nor could he reasonably explain it other than by referring to the internet.

During this same exchange, appellant also alluded to "marijuana" despite being charged with possessing methamphetamine. The two drugs are quite different.

Again, we look at *suggestions* of incompetence and not "some evidence" of it to trigger the need for an informal, as opposed to a formal, inquiry. Logically, the quantum of **evidence suggesting** that an accused **may be** incompetent which triggers the need for an informal inquiry differs from the "**some evidence**" of incompetency precipitating a formal inquiry. *See Boyett*, 545 S.W.3d at 563–64 (stating that "[a]t the informal inquiry, there must be 'some evidence from any source that would support a finding that the defendant may be incompetent to stand trial' and [i]f that requirement is met, then the trial court must order a psychiatric or psychological competency examination, and . . . hold a formal competency trial"). And, if the quantum of evidence precipitating the formal inquiry "in not a particularly onerous one," *id.* at 564, less must suffice to prompt the need for an informal inquiry.

In sum, pertinent indicia here included 1) appellant's learning disability, 2) his prior adjudication of mental incompetence, 3) his ensuing adjudication of competence, 4) his dependence upon consuming medication to maintain competence, 5) the lapse of more than a year between the 2019 finding of competence and ensuing criminal trial, 6) appellant's diagnosis of schizoaffective disorder, bipolar type, 7) his interjection of a civil

concept, i.e., subrogation, into a criminal prosecution, 8) his inability to explain the relevance or applicability of that concept, 9) the inability of others to understand that of which he spoke, 10) his earlier invocation of the same right as a basis to submit him to a competence examination, 11) the obvious implication that appellant's mental illness was subject to control via drugs but not cure, and 12) the absence of any indication that appellant continued to ingest, between 2019 and trial, the medication needed to remain competent. Together, I deem them more than sufficient to meet the low threshold set by article 46B.004(c) and to require of the trial court a sua sponte *informal* inquiry into appellant's competence. Admittedly, my analysis does not factor into the equation circumstances suggesting that appellant may not be incompetent. Indeed, I think factoring circumstances illustrating competence into the analysis of whether an informal inquiry is needed runs counter to the requirement that only evidence of incompetence be considered when gauging the need for a formal competency trial. *See id.* (stating that at the informal inquiry stage the trial court must consider "only evidence of incompetence"). After all, the test underlying a suggestion of incompetence is evidence that the appellant may be incompetent, not evidence that he is competent. And, this too causes me to deviate from the methodology employed by the majority in arriving at its conclusion.

To be specific, I am not saying the record contains some evidence of incompetence, only that it holds evidence suggesting that he may be incompetent. In lieu of affirming the trial court's judgment, I would instead remand the cause to afford it opportunity to undertake a belated informal inquiry. *See Addison v. State*, No. 09-20-00234-CR, 2022 Tex. App. LEXIS 5737, at *9–10 (Tex. App.—Beaumont Aug. 10, 2022, no pet.) (mem. op., not designated for publication) (so concluding when circumstances

7

called for the inquiry).  Should that inquiry uncover no more than a scintilla of evidence of incompetence, then I would join my colleagues and affirm

Brian Quinn<br>Chief Justice

Do not publish.