

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-21-00314-CR

LUIS GARZA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A20285-1609, Honorable Robert W. Kinkaid, Jr., Presiding

October 31, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, J.J.

Appellant, Luis Garza, Jr., appeals his conviction for possession of a controlled substance. Appellant contends that his due process rights were violated because the trial court did not find him incompetent to stand trial. We affirm the judgment of the trial court.

**BACKGROUND**

Appellant was indicted for possession of a controlled substance, methamphetamine, in September of 2016. After multiple incidents gave rise to delay of trial, in March of 2019, Appellant's attorney filed a motion suggesting incompetency and

requesting an examination by an expert. After a competency examination was completed, in October of 2019, the trial court determined that Appellant was incompetent to stand trial but that his competency was capable of being restored. Appellant was committed to the Texas Department of State Health Services for competency restoration. In July of 2020, relying on an expert report, the trial court found Appellant's competency had been restored and set the case on its trial docket.

On December 7, 2021, the case proceeded to a jury trial. Appellant's counsel did not raise any concerns regarding Appellant's competency at any time during this trial. After voir dire but before the beginning of trial, Appellant asked the trial court for permission to speak. Upon receiving leave, Appellant indicated that he desired to have his subrogation rights certified by the State before trial began. To clarify Appellant's request, the trial court inquired further. Appellant insisted that he was entitled to a certification of his subrogation rights and that his request cannot be denied. Appellant explained that he had learned of his subrogation rights from the internet and invited the court to look at his phone for information regarding his claim. The trial court declined Appellant's invitation and denied his request to order the State to certify his subrogation rights but indicated that it would reconsider the issue if Appellant directed the court to a statute authorizing the relief sought. During the trial, Appellant testified in both the guilt-innocence phase and the punishment phase. At no point during trial did Appellant disturb the proceedings or act inappropriately. At the conclusion of the trial, Appellant was convicted and sentenced to fifteen years' incarceration.

By his appeal, Appellant presents two issues. By his first issue, Appellant contends that the trial court violated his due process rights by failing to inquire into his

competency in 2019. By his second issue, Appellant contends that the trial court violated his due process rights by failing to sua sponte hold an informal inquiry into his competency in 2021.

## ISSUE ONE – 2019

By his first issue, Appellant contends that it was a violation of his due process rights for the trial court not to inquire into his competency in 2019. Subsequent to Appellant filing his brief, supplemental clerk's and reporter's records were filed reflecting that a competency hearing was held in 2019 and Appellant was determined to be incompetent at that time. As a result of that hearing, Appellant was remanded to the State Hospital for treatment. Since Appellant's first issue challenges the trial court's failure to hold a hearing that the record reflects was held, we overrule Appellant's first issue.

## ISSUE TWO – 2021

By his second issue, Appellant contends that the trial court violated his due process rights by failing to sua sponte conduct an informal inquiry into his competence at the time of trial in 2021. Appellant contends that he exhibited signs that suggested that he was incompetent at the time of trial, thus obligating the trial court to conduct an informal inquiry.

The competency of a defendant implicates due process considerations. *See Boyett v.* State, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). Unless an accused is competent, due process bars him from being tried.[1] *Id.* We are to presume that an

---

[1] One "is incompetent to stand trial if" he lacks either 1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or 2) a rational and factual understanding of the proceedings against him. TEX. CODE CRIM. PROC. ANN. art. 46B.003(a); *Ochoa v. State*, Nos. 07-16-00400-CR, 07-16-00401-CR, 2018 Tex. App. LEXIS 1816, at *8–9 (Tex. App.—Amarillo Mar. 12, 2018, no pet.) (per curiam) (mem. op., not designated for publication).

accused is competent to stand trial. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b). In assessing a defendant's competency, trial courts utilize a two-step process. *Boyett*, 545 S.W.3d at 563. The initial step involves an informal inquiry, while the second entails a formal competency trial. *Id*. Appellant's second issue challenges the trial court's failure to conduct an informal inquiry.

As noted in *Boyett,* the obligation to engage in an informal inquiry arises "upon 'suggestion' from any credible source that the defendant may be incompetent." *Id.* In other words, "[e]ither party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(a). A trial court's duty to conduct an informal inquiry on its own motion arises upon encountering evidence that suggests incompetence. *Id*. at art. 46B.004(c) (stating that the presence of such a suggestion obligates the court to "determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial"). While the duty to conduct an informal inquiry need not be premised on a bona fide doubt regarding the defendant's competency, a credible source must suggest that the defendant may be incompetent. *Bautista v. State*, 605 S.W.3d 520, 527 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (abatement order).

Article 46B.024 of the Texas Code of Criminal Procedure identifies pertinent indicia of an accused's incompetence. These include the accused's capacity to 1) understand the charges against him, 2) understand the potential consequences of the prosecution, 3) converse with counsel about pertinent facts, events, and states of mind, 4) make reasoned choices, 5) comprehend the adversarial nature of the proceeding, 6) exhibit

4

appropriate courtroom behavior, and 7) testify. TEX. CODE CRIM. PROC. ANN. art. 46B.024(1)(A)–(F). Others factors to consider include: 1) history of mental illness or intellectual disability, 2) duration of an identified condition, 3) degree of impairment resulting from a mental illness or intellectual disability, 4) whether psychoactive or other medication is necessary to maintain competency, and 5) medication's effect on appearance, demeanor, or ability to participate in the proceedings. *Id.* at 46B.024(2)–(5).

A trial court's decision not to conduct an informal competency inquiry is reviewed under the abuse of discretion standard. *Lindsey v. State*, 544 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd).

Our review of the record does not show sufficient suggestions of Appellant's incompetence to establish that the trial court abused its discretion in failing to conduct an informal inquiry. The record reflects that Appellant was previously determined to be incompetent in 2019. However, in October of 2020, the trial court found that Appellant had regained competency. Appellant argues that his discussion with the trial court concerning his subrogation rights as well as his mention of marijuana during that discussion suggests that he was not competent to stand trial. The exchange between Appellant and the trial court about subrogation rights seems to reflect that the trial court had some degree of understanding of what Appellant was requesting. Rather, Appellant could not identify any statutory authority entitling him to such relief. This conclusion is supported by the trial court's denial of Appellant's request to certify his subrogation rights but willingness to reconsider that ruling in light of statutory authority supporting Appellant's entitlement to same. As such, this exchange does not suggest that Appellant was incompetent. As for Appellant's reference to marijuana, we note that he made only

5

one passing mention of marijuana. However, he did not object or express surprise during the State's voir dire references to Appellant being indicted for possession of methamphetamine or when the indictment was read aloud in open court. Further and of particular import, Appellant consistently testified regarding the circumstances surrounding his being charged with possession of methamphetamine. Further, at no point did Appellant's trial counsel make any representation that Appellant did not seem to understand the charges against him or was unable to effectively aid in his own defense. Considering the entire record, we cannot conclude that the trial court abused its discretion in failing to hold an informal inquiry into Appellant's competency. We overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

QUINN, C.J., concurring and dissenting.