**Affirmed and Memorandum Majority and Dissenting Opinions filed June 6, 2024**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00919-CR

---

**CHARLES HENRY BOOKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1544381**

---

## MEMORANDUM MAJORITY OPINION

A jury convicted appellant Charles Henry Booker of burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(a)(3). In a single issue on appeal, appellant argues that the trial court erred because it failed to sua sponte conduct an informal inquiry into his competency to stand trial. Because we conclude the record contains less than a scintilla of evidence that appellant was incompetent to stand trial, we conclude the trial court was not required to sua sponte conduct an

informal inquiry into appellant's competency.  We therefore affirm the trial court's judgment.

## BACKGROUND

Complainant Manuel Marin Vivar and his brother discovered that the front door of the family home had been kicked in.  Once they went inside, they discovered numerous items missing including a television, watches, and a gold necklace with a cross pendant.  Harris County Sheriff investigators obtained a partial palm print and one fingerprint from another television located in the brothers' home.  The investigating deputies submitted the prints for analysis.  A Harris County Sheriff's latent fingerprint expert later examined the submitted prints and determined they came from the same source, appellant.

A Harris County Sheriff's detective from the Safe Home Task Force was assigned to investigate the burglary.  While checking a Harris County Sheriff's database that catalogs pawn shop transactions, the detective discovered that appellant had sold a gold necklace with a cross pendant at a pawn shop near the complainant's home on the same day the burglary occurred.  Appellant was eventually arrested and charged with burglary of a habitation.

Appellant's case eventually went to trial.  After voir dire was completed, the trial court asked if there were any objections to the jury panel.  Appellant's counsel stated that he had none, but appellant did speak out to the court.  Appellant stated:

> First, I didn't pick none of those jurors.  Those 12, I didn't pick at all.  And two, is any - - any plea bargain - - I don't know any plea bargains that have been brought to me.  That's why I'm going to trial because I don't know what's going on.

The trial court responded to appellant that "once we set a case for trial - - and I know I've spoken to you, and I told that to everyone.  Once it's set for trial, then we go to trial.  So, I mean, I would allow your attorney to speak to the State.  I will

2

allow that. But just understand that we have a jury." The trial court then explained the jury selection process to appellant, stating, among other things, that he does not select jurors, but they are instead chosen through a process of elimination. The trial court then continued that "if the State wants to entertain negotiations, I will allow that." She then asked appellant "is there anything else?" Appellant responded: "about plea bargaining?" The trial court confirmed that she would "let [appellant's] attorney talk to the State about that. Okay? Thank you." Beyond pleading "not guilty" in front of the jury, appellant said nothing further during his trial.

On the second day of his trial appellant absconded and he was not apprehended for about seven months. Appellant's trial continued in his absence and at the close of the evidence the jury found him guilty as charged in the indictment. *See* Tex. Code Crim. Proc. Ann. art. 33.03 (providing that "when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion"). At the conclusion of the evidence the trial court sentenced appellant to serve 35 years in prison. Once appellant had been returned to custody, he appeared in court with his counsel on December 14, 2022, and the trial court formally pronounced his sentence. The trial court's docket sheet states that appellant "was previously sentenced in his absence." A judgment addendum amended the date of sentencing to December 14, 2022. The trial court certified appellant's right to appeal the same day. This appeal followed.

## ANALYSIS

In a single issue on appeal, appellant argues that the trial court erred when it did not sua sponte conduct an informal inquiry into his competency to stand trial. Appellant bases his argument on his statement to the trial court, quoted above, that

3

he did not know what was going on.  In appellant's view, this statement provided more than a scintilla of evidence that he was incompetent to stand trial.  We disagree.

## I.    Standard of review and applicable law

A criminal trial of an incompetent defendant violates the Due Process Clause of the Fourteenth Amendment.  *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018) (citing *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013)); *see* U.S. Const. amend. XIV, § 1.  The Legislature codified this due-process requirement by establishing a substantive and procedural framework for making competency determinations to ensure that legally incompetent criminal defendants do not stand trial.  *Id.*; *see* Tex. Code Crim. Proc. arts. 46B.003, 46B.004, 46B.005.  In Texas, a person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against the person.  Tex. Code Crim. Proc. art. 46B.003(a).

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proven incompetent by a preponderance of the evidence.  *Id.* art. 46B.003(b).  The Code of Criminal Procedure establishes a two-step procedure trial courts must employ before concluding that a defendant is incompetent to stand trial.  *Boyett*, 545 S.W.3d at 563.  The first step is an informal inquiry and the second step is a formal competency trial.  *Id.*

An informal inquiry is triggered upon a suggestion from any credible source that a defendant may be incompetent.  *Id.* (citing Tex. Code Crim. Proc. art. 46B.004(a), (c), (c-1)).  On suggestion that a defendant may be incompetent to stand trial, the trial court must conduct an informal inquiry to determine whether

4

there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. Tex. Code Crim. Proc. art. 46B.004(c). No further evidentiary showing is required, nor is the trial court required to have a bona fide doubt regarding a defendant's competency. *Id.* at art. 46B.004(c-1).

Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described in article 46B.024 of the Code of Criminal Procedure, or on any other indication that the defendant is incompetent within the meaning of article 46B.003. *Id.* at arts. 46B.004(c-1), 46B.024. The factors set out in article 46B.024 include, but are not limited to, the capacity of the defendant during criminal proceedings to (1) rationally understand the charges against him and the potential consequences of those pending charges, (2) disclose to his defense counsel pertinent facts, events, and states of mind, (3) engage in a reasoned choice of legal strategies and options, (4) understand the adversarial nature of the criminal proceedings, (5) exhibit appropriate courtroom behavior, and (6) testify. *Id.* at art. 46B.024(1)(A)-(F).

If a "trial judge finds that there is a suggestion of incompetency, he or she shall conduct an informal inquiry to determine if there is some evidence from any source that would support a finding that the defendant is incompetent to stand trial." *Druery v. State*, 412 S.W.3d 523, 538 (Tex. Crim. App. 2013) (internal quotation marks omitted). Some evidence of incompetency to stand trial is a quantum of evidence that is "more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Ex parte LaHood*, 401 S.W.3d 45, 52–53 (Tex. Crim. App. 2013).

Because the informal inquiry is not the appropriate venue for determining the merits of a claim of incompetency, the trial court should not weigh evidence of

5

competency against evidence of incompetency in conducting an informal inquiry. *Druery*, 412 S.W.3d at 538. Instead, the purpose of the informal inquiry is to determine whether the issue of incompetency to stand trial is sufficiently raised to merit a formal hearing. *See Ex parte LaHood*, 401 S.W.3d at 52–53 & n.5. Upon determining the existence of "some evidence" of incompetency to stand trial, and subject to certain exceptions, the trial court shall order an examination, and it must hold a trial "before determining whether the defendant is incompetent to stand trial on the merits." Tex. Code Crim. Proc. art. 46B.005(b). At that hearing, the defendant must prove his incompetence by a preponderance of the evidence. *Id.* art. 46B.003(b); *Druery*, 412 S.W.3d at 538.

We review a trial court's decision not to sua sponte hold an informal inquiry into a defendant's competency for an abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded on other grounds as stated in Turner v. State*, 422 S.W.3d 676, 692 (Tex. Crim. App. 2013); *Lindsey v. State*, 544 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Under this standard, we do not substitute our judgment for that of the trial court but determine whether the trial court's decision was arbitrary or unreasonable. *Montoya*, 291 S.W.3d at 426. This is because the trial court, which observes first-hand the behavior of the defendant, is "in a better position to determine whether [the defendant] was presently competent." *Id.*

## II. The record contains no evidence suggesting appellant was incompetent to stand trial.

Appellant argues on appeal that the trial court should have conducted a sua sponte informal inquiry into appellant's competence to stand trial based on appellant's statement at the end of voir dire that he did not know what was going on. When viewed in the context of what had just happened in his trial, appellant's

6

statement, rather than an indication that he was incompetent to stand trial, reflects that he had been paying attention to the trial proceedings and simply did not understand the jury selection process because he had not "picked" any members of the jury panel. Additionally, appellant's statement was an expression of frustration with the lack of plea negotiations. The trial judge, who was in a position to see and hear appellant at the time, certainly understood that was the intent of his comments because she proceeded to explain the jury selection process and she then assured appellant that she would allow plea negotiations if the State was interested. Appellant was apparently satisfied with the trial judge's response because he said nothing further on the record before he absconded on the second day of his trial. Appellant's counsel also made no attempt to initiate a competency proceeding.

Accordingly, after reviewing the record, we conclude that the trial court's duty to conduct an informal inquiry on a suggestion of incompetence was not triggered because there was nothing in the record indicating appellant was incompetent. *See Lindsey*, 544 S.W.3d at 23 ("Appellant points to places throughout the transcript where appellant stated that he was confused during the trial. In the context of a trial, laymen . . . can find legal principles, procedural rules, and the court's rulings perplexing. . . . Although there were instances in which appellant stated he was confused, the record shows that after he stopped to think for a moment or received an explanation from the trial court, appellant understood well enough to continue with trial. Appellant's isolated instances of confusion did not show that appellant was incompetent to stand trial."). Therefore, the trial court did not abuse its discretion by not sua sponte conducting an informal competency proceeding. We overrule appellant's sole issue on appeal.

## CONCLUSION

Having overruled appellant's issue on appeal, we affirm the trial court's judgment.

/s/    Jerry Zimmerer
       Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Spain, J., Dissenting).

Do Not Publish — Tex. R. App. P. 47.2(b).