

# NUMBERS 13-24-00483-CR, 13-24-00484-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GERARDO SOLIS III,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

## ON APPEAL FROM THE 206TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice West

Appellant Gerardo Solis III challenges the revocation of his community supervision in appellate cause numbers 13-24-00483-CR and 13-24-00484-CR. By his sole issue, appellant argues that he was incompetent to stand trial, and "the trial court abused its discretion by not abating the matter and appointing an expert to evaluate [his] competency to stand trial." We reverse and remand.

## I.   DISCUSSION

We previously abated and remanded these cases to the trial court to conduct, if feasible, a retrospective competency trial. *See Solis v. State*, No. 13-24-00483-CR, No. 13-24-00484-CR, 2026 WL 482449, at *5 (Tex. App.—Corpus Christi–Edinburg Feb. 19, 2026, order) (mem. op., not designated for publication). In our memorandum order of abatement, we determined that during the hearing on the State's motion to revoke appellant's community supervision "some evidence" came to the attention of the trial court suggesting that appellant might be incompetent. *Id.* at *5; *see Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018). We concluded that the trial court abused its discretion when it adjudicated appellant guilty of the underlying offenses and failed to stay the proceedings to conduct a formal competency examination. *Solis*, 2026 WL 482449, at *5.

On February 24, 2026, the trial court found that a retrospective competency examination was feasible. Two days later, the trial court appointed Dr. Vittorio T. Puente, PhD, to examine appellant and evaluate his competency to stand trial. At the competency hearing, the State admitted Dr. Puente's report, which concluded that appellant was "incompetent to stand trial and is a person who has a mental illness or is a person with mental retardation." Both parties agreed on the record that appellant was incompetent to stand trial.

On April 30, 2026, the trial court issued a written order. Relying on Dr. Puente's report, the trial court found that appellant was incompetent to stand trial. The trial court further found "[a]ppellant is a person who has a mental illness or is a person with mental retardation" and "is more likely than not to be restored to competency in the foreseeable future, specifically, after sixty to ninety days in a treatment facility."

2

"As a matter of constitutional due process, a defendant that is not competent may not stand trial." *Boyett*, 545 S.W.3d at 563 (citing *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013)). This constitutional due process requirement extends to adjudication hearings. *Durgan v. State*, 240 S.W.3d 875, 878 (Tex. Crim. App. 2007). Given the undisputed evidence that appellant was incompetent to stand trial at the adjudication hearing, we hold that the trial court violated appellant's due process rights when it adjudicated appellant guilty and revoked his community supervision in both cases. *See Turner*, 422 S.W.3d at 688. Accordingly, we sustain appellant's sole issue in both cases. The appropriate disposition of this appeal is a reversal of the trial court's orders revoking appellant's community supervision and a remand for further proceedings. *See, e.g., Washington v. State*, 584 S.W.3d 929, 930 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (reversing and remanding to the trial court for further proceedings after appellant's retrospective competency trial indicated that he "was incompetent when he was tried and convicted").

## II. CONCLUSION

We reverse the trial court's orders revoking appellant's community supervision and remand these cases to the trial court for further proceedings.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of June, 2026.

3